

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Robert Taj Moore*
*Assistant United States Attorney*

RTM/PL AGR
2024R00907

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

January 17, 2025

RECEIVED
MAR 20 2025
ROBERT KIRSCH
U.S. DISTRICT JUDGE

Anita Aboagye-Agyeman, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

Re:   Plea Agreement with Carlo M. De Leon De Jesus
      25-CR-160-1 (RK)

Dear Counsel:

This letter sets forth the plea agreement between your client, Carlo M. De Leon De Jesus ("De Leon De Jesus" or the "Defendant"), and the Acting United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **February 5, 2025**, if it is not accepted in writing by that date. If De Leon De Jesus does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from De Leon De Jesus to a four-count Information, which charges De Leon De Jesus with:

- in Count One, dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D);
- in Count Two, transferring firearms to an out-of-state resident, in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D);
- in Count Three, firearms trafficking, in violation of 18 U.S.C. § 933(a)(1); and
- in Count Four, conspiracy to distribute a controlled substance, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(C), and in violation of 21 U.S.C. § 846.

If De Leon De Jesus enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any

further criminal charges against De Leon De Jesus for his possession or transfer of firearms from in or around July 2023 to in or around September 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against De Leon De Jesus even if the applicable statute of limitations period for those charges expires after De Leon De Jesus signs this agreement, and De Leon De Jesus agrees not to assert that any such charges are time-barred.

### Sentencing

The violations of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D); and 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D) to which De Leon De Jesus agrees to plead guilty in Counts One and Two of the Information, respectively, each carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

The violation of 18 U.S.C. § 933(a)(1) to which De Leon De Jesus agrees to plead guilty in Count Three of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

The violation of 21 U.S.C. § 846 (contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)) to which De Leon De Jesus agrees to plead guilty in Count Four of the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One, Two, Three, and Four of the Information may run consecutively to any prison sentence De Leon De Jesus is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon De Leon De Jesus is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and

including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence De Leon De Jesus ultimately will receive.

Further, in addition to imposing any other penalty on De Leon De Jesus, the sentencing judge as part of the sentence:

1. will order De Leon De Jesus to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

2. may order De Leon De Jesus to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

3. must order forfeiture, pursuant to 18 U.S.C. § 924 and 21 U.S.C. § 853;

4. may deny De Leon De Jesus certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and § 862a;

5. may require De Leon De Jesus to serve, on Counts One, Two, and Three, and pursuant to 18 U.S.C. § 3583, a term of supervised release of not more than three years on each count; and must require De Leon De Jesus to serve, on Count Four, and pursuant to 21 U.S.C. § 841, a term of supervised release of at least three years. Any term of supervised release will begin at the expiration of any term of imprisonment imposed.

6. should De Leon De Jesus be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, De Leon De Jesus may be sentenced to not more than two years' imprisonment on each count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of De Leon De Jesus's acceptance of responsibility, De Leon De Jesus agrees to forfeit to the United States: (i) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds De Leon De Jesus obtained, directly or indirectly, as a result of the offense charged in Count Four of the Information, and all of De Leon De Jesus's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit and to

facilitate the commission of such offense; (ii) pursuant to 18 U.S.C. § 934(a)(1), any property constituting, or derived from, any proceeds De Leon De Jesus obtained, directly or indirectly, as the result of the offense charged in Count Three of the Information, as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and (iii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offenses charged in Counts One through Three of the Information, including, but not limited to the following items seized between in or around July 2023 and in or around September 2023:

1. One (1) Glock 19 Gen 4, 9x19 mm pistol bearing serial number AEFF317;
2. One (1) Extreme Gun Works X15, short barrel, .556 caliber, rifle bearing serial number X15-00211;
3. One (1) Century Arms International Ak variant style rifle bearing serial number RC8634;
4. One (1) Beretta ARX 160, .22 LR semi-automatic handgun bearing serial number PB010073;
5. 10 rounds of assorted 9mm ammunition;
6. One (1) Black Pro Mag rifle magazine;
7. Two (2) Glock Grip backstraps;
8. 12 rounds of Winchester .22 caliber ammunition; and
9. 59 rounds of .22 caliber ammunition.

(collectively, the "Specific Property").

De Leon De Jesus acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violations charged in Counts One through Three of the Information.

De Leon De Jesus waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), De Leon De Jesus consents to the entry of a forfeiture order that, in this Office's discretion, may be final as to the defendant prior to the defendant's sentencing. De Leon De Jesus understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise De Leon De Jesus of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. De Leon De Jesus further understands that De Leon De Jesus has no right to demand that any forfeiture of De Leon De Jesus's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. De Leon De Jesus waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

De Leon De Jesus also consents to the administrative and/or civil judicial forfeiture of the Specific Property. De Leon De Jesus agrees that De Leon De Jesus will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent De Leon De Jesus has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. De Leon De Jesus further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

De Leon De Jesus further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of De Leon De Jesus's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on De Leon De Jesus by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of De Leon De Jesus's activities and relevant conduct with respect to this case.

## Stipulations

This Office and De Leon De Jesus will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.

Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and De Leon De Jesus waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

De Leon De Jesus understands that, if De Leon De Jesus is not a citizen of the United States, De Leon De Jesus's guilty plea to the charged offenses will likely result in De Leon De Jesus being subject to immigration proceedings and removed from the United States by making De Leon De Jesus deportable, excludable, or inadmissible, or ending De Leon De Jesus's naturalization. De Leon De Jesus understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. De Leon De Jesus wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause De Leon De Jesus's removal from the United States. De Leon De Jesus understands that De Leon De Jesus is bound by this guilty plea regardless of any immigration consequences. Accordingly, De Leon De Jesus waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. De Leon De Jesus also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against De Leon De Jesus. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude De Leon De Jesus from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between De Leon De Jesus and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

By: Robert Taj Moore
Assistant U.S. Attorney

APPROVED:

Benjamin Levin
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Anita Aboagye-Agyeman, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


X *[signature]* Carlos monly                         Date: 1/22/25
Carlo M. De Leon De Jesus
Defendant


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


*[signature]*                                         Date: 1/22/25
Anita Aboagye-Agyeman, Esq.
Counsel for Defendant

## Plea Agreement with De Leon De Jesus

### Schedule A

1. This Office and De Leon De Jesus recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

### Counts One, Two, and Three: Dealing Firearms Without a License; Transferring Firearms to an Out-of-State Resident; and Firearms Trafficking

3. Counts One, Two, and Three group pursuant to U.S.S.G. § 3D1.2(d). The applicable guideline is U.S.S.G. § 2K2.1. This guideline carries a Base Offense Level of 20 because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine. U.S.S.G. § 2K2.1(a)(4)(B).

4. Because the offenses involved three to seven firearms, there is a two-level increase. U.S.S.G. § 2K2.1(b)(1).

5. Because De Leon De Jesus transported, transferred, sold, or otherwise disposed of two or more firearms having reason to believe that doing so would result in the receipt of firearms by an individual who intended to use or dispose of firearms unlawfully, there is a five-level increase. U.S.S.G. § 2K2.1(b)(5)(C).

6. Because De Leon De Jesus possessed or transferred any firearm or ammunition with reason to believe that they would be transported outside of the United States, there is a four-level increase. U.S.S.G. § 2K2.1(b)(6)(A).

7. The offense level is therefore 31.

### Count Four: Conspiracy to Distribute Fentanyl, Cocaine, and Heroin

8. The applicable guideline is U.S.S.G. §§ 2D1.1(a)(5) and (c)(8). As applied to De Leon De Jesus, the Guidelines provide for a base offense level of 24 because the offense involved at least 100 kilograms but less than 400 kilograms of Converted Drug Weight.

9. The offense level for Count Four is therefore 24.

Grouping

10. Pursuant to U.S.S.G. § 3D1.2(b), Counts One through Four – all of which are offenses connected by a common criminal objective or constituting part of a common scheme or plan – are grouped together.

11. Pursuant to U.S.S.G. § 3D1.3(a), the highest offense level of the counts in the Group applies to the case.

12. The Total Offense Level is therefore 31.

13. As of the date of this letter, De Leon De Jesus has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if De Leon De Jesus's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, De Leon De Jesus has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in De Leon De Jesus's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) De Leon De Jesus enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that De Leon De Jesus's acceptance of responsibility has continued through the date of sentencing and De Leon De Jesus therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) De Leon De Jesus's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. Accordingly, the parties agree that the total Guidelines offense level applicable to De Leon De Jesus is 28 (the "Total Offense Level").

16. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

17. If the term of imprisonment does not exceed 97 months, and except as specified in the next paragraph below, De Leon De Jesus will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term

of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 78 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

18. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).